UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**APRIL BERRA,**

    **Plaintiff,**

**v.**                                                 **Case No: 8:25-cv-2019-MSS-SPF**

**STATE OF FLORIDA, et al.,**

    **Defendants.**

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. 2), which the Court construes as a motion to proceed *in forma pauperis*. Also before the Court is Plaintiff's Motion for Appointment of Counsel, (Dkt. 3), and Plaintiff's Complaint. (Dkt. 1) On October 17, 2025, United States Magistrate Judge Sean P. Flynn issued a Report and Recommendation, (Dkt. 8), which recommended Plaintiff's motions be denied and Plaintiff's Complaint be dismissed without prejudice. Plaintiff has not objected to the Report and Recommendation, and the deadline for doing so has passed. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*, **DENIES** Plaintiff's Motion to Appoint Counsel, and **DISMISSES** the Complaint without prejudice.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion the Report and Recommendation should be adopted, confirmed, and approved in all respects.

In addition, it has come to the Court's attention that Plaintiff has initiated two separate actions with nearly identical complaints. See Berra v. State of Florida et al.,

No. 8:25-cv-2519-MSS-TGW (M.D. Fla.) ("Berra 2").[1] It is improper to have two separate, identical proceedings pending concurrently. Thus, to the extent Plaintiff intends to proceed with the claims raised in this case or the Berra 2 case, she must proceed in this case.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 8), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Plaintiff's Motion to Proceed *In Forma Pauperis*, (Dkt. 2), is **DENIED**.

3. Plaintiff's Motion for Appointment of Counsel, (Dkt. 3), is **DENIED**.

4. The Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within **TWENTY-ONE DAYS** of the date of this Order. If Plaintiff files an amended complaint, Plaintiff shall also file an amended motion to proceed *in forma pauperis*. If Plaintiff fails to file an amended complaint with an amended motion to proceed *in forma pauperis* within the **21-DAY PERIOD**, the dismissal shall be **WITH PREJUDICE**.

---

[1] The Court notes that the docket in the Berra 2 case reflects several more defendants than this case. While these additional defendants are referenced in the body of the complaint in both cases, Plaintiff has not identified the additional entities and individuals in the caption of the complaint in either case. Thus, despite this distinction reflected on the docket, both cases are against the same nineteen defendants. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Moreover, the docket in this case correctly reflects the defendants that were actually named in the caption of Plaintiff's complaint.

5. The Clerk is **DIRECTED** to mail a copy of this Order to the address Plaintiff provided in this case and a second copy of this Order to the address Plaintiff provided in the Berra 2 Case.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of January 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person